IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Angela Tennyson, | ) | C/A No. 0:13-2578-RMG-PJG |
|           Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) | |
|           Defendant. | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Angela Tennyson, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also

Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



## ADMINISTRATIVE PROCEEDINGS

In October 22, 2010, Tennyson applied for DIB, alleging disability beginning November 8, 2008.[2] Tennyson's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on May 8, 2012, at which Tennyson, who was represented by Mark Dunning, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on June 15, 2012 finding that Tennyson was not disabled. (Tr. 131-42.)

Tennyson was born in 1968 and was forty-two years old on her alleged amended disability onset date. (Tr. 164.) She has a high school education and past relevant work experience as a cashier, a weaver, and an inventory control specialist at a bakery. (Tr. 204.) Tennyson alleged disability due to lumbar pain following surgeries, degenerative disc disease, sciatic nerve problems, shoulder problems, and severe back problems. (Tr. 203.)

In applying the five-step sequential process, the ALJ found that Tennyson had not engaged in substantial gainful activity since August 12, 2010—her amended alleged onset date. The ALJ also determined that Tennyson's degenerative disc disease of the lumbosacral spine, status post multiple surgeries, and chronic radiculopathy were severe impairments. However, the ALJ found that Tennyson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Tennyson retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) with certain additional limitations. Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours, and stand/walk for

---

[2] Tennyson later amended her alleged onset date to August 12, 2010.

> about 4 hours out of an 8-hour workday. The claimant must be allowed to change positions between sitting and standing/walking. The claimant can never use ladders. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to hazards.

(Tr. 135.) The ALJ found that Tennyson was unable to perform any past relevant work, but that she had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. Therefore, the ALJ found that Tennyson was not disabled from August 12, 2010 through the date of her decision.

Tennyson filed an appeal with the Appeals Council, which denied her request for review on June 23, 2013 making the decision of the ALJ the final action of the Commissioner. (Tr. 1-6.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.



Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

### ISSUES

Tennyson raises the following issues for this judicial review:

Issue I.     Listings of Impairments.  The ALJ erred in determining that Tennyson's impairments did not meet or equal a Listing of Impairments in Subpart P of Regulations No.4.  When the ALJ failed to properly evaluate a claimant's impairment to the relevant listing, must the case be remanded for a proper evaluation?

Issue II.    Opinion evidence.  The ALJ rejected the opinions of all 3 treating physicians and a physical therapist who performed an FCE in favor of opinions from the non-examining state agency physicians who were not aware of critical medical data.  Where the ALJ improperly evaluates the opinion evidence, has a legal error been committed that is not harmless?

(Pl.'s Br., ECF No. 12.)

### DISCUSSION

Although Tennyson presents two issues on appeal, for the reasons that follow, the court agrees that remand is warranted based on the ALJ's analysis of the opinion evidence. Specifically, based on a review of the record and the ALJ's decision, the court cannot say that the ALJ's decision to discount the opinions of three treating physicians and one examining physical therapist is supported by substantial evidence, and this decision impacts several steps of the sequential process, including the Listings analysis. Therefore, the court addresses this issue first.

Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). However, "the rule does




not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Any other factors that may support or contradict the opinion should also be considered. 20 C.F.R. § 404.1527(c)(6). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

> Additionally, SSR 96-2p provides that
>
> a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, at *5. This Ruling also requires that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent

reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id., at *5.

Finally, while only acceptable medical sources can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose opinions may be entitled to controlling weight, medical sources who are not acceptable medical sources may provide opinions reflecting "the source's judgment about some of the same issues addressed in medical opinions from 'acceptable medical sources,' including symptoms, diagnosis and prognosis, and what the individual can still do despite the impairment(s), and physical or mental restrictions." SSR 06-03p, 2006 WL 2329939, at *5. Additionally, the ALJs are instructed to apply the above listed factors, which are found in 20 C.F.R. § 404.1527(c), in evaluating the opinions from other sources with the understanding that not every factor may apply. Id., at *4-5.

Upon review of the record and the parties' briefs, the court is unable to determine whether the ALJ's decision is supported by substantial evidence and finds that the ALJ's decision appears to be controlled by an error of law. In this case the ALJ discounted the opinions of Tennyson's treating family physician, treating neurologist specialist, and treating orthopaedic specialist, as well as her examining physical therapist, while giving great weight to the opinions of the state agency medical consultants. Notably, while the non-examining state agency consultants possessed a couple of opinions from these sources before issuing their opinions, in this case the ALJ gave greater weight to the opinions of the non-examining state agency sources when they did not have the benefit of subsequent more limiting opinions from Tennyson's treating and/or examining sources. For example, on September 20, 2011, Dr. Christopher Chittum, Tennyson's treating neurologist, issued a statement discussing Tennyson's treatment and opined that "[i]t is consistent with her condition



and probable that she would need to rest away f[ro]m the work station for greater than an hour out of the working portion of the work day." (Tr. 474.) Dr. Chittum also opined that it is "consistent with her condition and probable that she would suffer interruptions to her concentration sufficient to frequently interrupt tasks throughout the work day if she were working in either a standing or a seated position" and it is "likely that she would miss more than 3 days of work per month." (Id.) Dr. Chittum stated that Tennyson "has been so limited as of at least August 2010." (Id.) He explained that he "referred her to pain management because there are no further surgical options I can offer to her" and also explained that he referred Tennyson for a functional capacity evaluation that indicated that she would be capable of performing medium work level. However, Dr. Chittum stated that "[i]t is most probable that she could only perform at a medium work level as described in that report for limited amounts of time due to the limitations described above." (Id.) While under certain circumstances the opinion of a non-examining source may be afforded greater weight than the opinion of a treating source, those circumstances do not exist in this case. See SSR 96-6p, 1996 WL 374180, at *3.

Furthermore, the ALJ does not appear to have fully applied the requisite factors in assessing the opinions from Dr. Chittum and from Dr. James Behr, Tennyson's treating orthopedist. These doctors were not only treating physicians, but also the most specialized medical providers who have examined Tennyson. See 20 C.F.R. § 404.1527(c) (including whether the physician has examined the applicant, the treatment relationship between the physician and the applicant, and whether the physician is a specialist as factors for consideration in weighing a treating source's opinion).

Therefore, the court finds that this matter should be remanded for further consideration of the opinions from Tennyson's treating sources, including applying all of the requisite factors in weighing these opinions.

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Tennyson's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Tennyson may present her remaining arguments on remand.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 30, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).